IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 06-40050 |
| | ) | |
| v. | ) | DEFENDANT'S |
| | ) | MOTION TO CORRECT |
| JEREMIAH JOB MACHUCA, | ) | SENTENCE PURSUANT |
| | ) | TO F.R.Cr.P. 35(a) |
| Defendant. | ) | |

COMES NOW Defendant, JEREMIAH JOB MACHUCA, by his attorney, Murray W. Bell, and pursuant to Federal Rule of Criminal Procedure 35(a) Moves this Court to Correct the sentence imposed on the 5th day of April 2007, in the above captioned case and in support there of states:

1. On or about the 5th day of April 2007 this Court sentenced the defendant to a term of 30 months on Count 3 and 30 months on Count 8 of the indictment and ordered that the sentences on the two counts shall run consecutively and 60 months on Count 5 to run consecutively to Counts 3 and 8.

2. The Court committed clear error as contemplated in Federal Rule of Criminal Procedure 35(a) for the following reasons.

    a. The Court accepted the plea agreement including Paragraph 14(c) which set the defendant quantity of drugs for his relevant conduct at 52 pounds of marijuana.

    b. The Presentence report property grouped Counts 3 and 8 when calculating the defendant's guideline sentencing range because U.S.S.G. § 2D1.1 contains a specific offense characteristic if a weapon is possessed. *Presentence Report ¶ 32*.

    After grouping the two counts the Court calculated the defendant's sentencing guideline at 30 to 37 months on Counts 3 and 8.

c.  Count 5 requires a mandatary 60 months sentence which was required to be run consecutively to the sentence on Counts 3 and 8.

d.  Notwithstanding that the Court accepted the plea agreement which required that the defendant's sentencing guideline range would be calculated using 52 pounds of marijuana and that the sentencing guideline range was 30 to 37 months after properly grouping Counts 3 and 8, the Court ran the sentences for Counts 3 and 8 consecutively.

e.  In its written Statement of Reasons for the sentence, the Court marked the box which indicates that "[t]he sentence is within an advisory guideline range that is greater than 24 months. . ."

f.  By imposing consecutive sentences on Count 3 and Count 8, the sentence imposed actually exceeded the guideline range by 23 months. (Counts 3 and 8 the top of the guideline range is 37 months and Count 5 requires 60 months for a total of 97 months. 120 months imposed minus 97 months is 23 months above the top of the guideline range.)

g.  Paragraph 119 of the Presentence Report states "Based on a careful review of the circumstances surrounding the instant offense, as well as the personal characteristics unique to this defendant, there do not appear to be any factors present that would warrant departure, either upward or downward [from the guideline range].

  h.  The Court departed upward from the sentencing guideline range when no justification to do so appears in the record.

  i.  The Court incorrectly indicated in its Statement of Reasons that the sentence was within the guideline range.

  j.  In its written Statement of Reasons, the Court did not list any justification for departing upward from the sentencing guideline range.

3. The Court should review and correct the sentence it imposed and should impose a sentence that is within the guideline range established by the plea agreement that was accepted by the Court.

WHEREFORE, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the Defendant JEREMIAH JOB MACHUCA Moves this Court to correct its sentence issued on the 5th day of April 2007 to require that the sentences on Count 3 and Count 8 run concurrently instead of consecutively and for other relief as the Court deems appropriate.

        Respectfully Submitted

         /s/ Murray W. Bell
        Murray W. Bell, P.C.
        125 Kirkwood Blvd
        Davenport, IA. 53803
        Phone: 563-326-4095
        Facsimile: 563-323-8335
        E-Mail: MWBell@kirkwoodlaw.com

## Certificate of Service

I hereby certify that on April 12, 2007, I electronically filed the foregoing with the Clerk of Court Using the ECF system, which will send notification of such filing to the following:

Assistant United States Attorney
John Mehochko
Star Cres Building, 3rd Floor
1830 2nd Avenue
Rock Island, Illinois 61201

                                                     /s/ Murray W. Bell
                                                   Murray W. Bell
                                                   Counsel for the Defendant