E-FILED
Friday, 20 April, 2007 04:12:40 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT ROCK ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 06-40050 |
| ) | |
| JEREMIAH JOB MACHUCA, ) | |
| ) | |
| Defendant. ) | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION TO CORRECT SENTENCE

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and hereby responds to defendant Machuca's Motion To Correct Sentence.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." In this case, the sentence imposed by the Court was not the result of such an error. In fact, immediately after the Court imposed sentence in this case, counsel for defendant Machuca specifically asked the Court to confirm that it did indeed intend to impose two 30-month consecutive sentences, which were in turn to be served consecutive to the 60-month sentence imposed for the 18 U.S.C. § 924(c) count. As such, Rule 35(a) appears to be inapplicable, as the sentence was not the result of a mathematical, technical, or inadvertent error, but rather the result of the Court's considered judgment as to an appropriate sentence. Rule 35(a) is not a vehicle for reconsideration of a sentence, but rather a mechanism for the correction of unintended errors.

Moreover, 18 U.S.C. § 3584 also gives the Court wide discretion to require that multiple terms of imprisonment be served either concurrently or consecutively: "If multiple terms of imprisonment are imposed on a defendant at the same time . . . the terms may run concurrently or

consecutively . . . ." In making that determination, the Court is to look to the sentencing factors set out in 18 U.S.C. § 3553(a), *see* 18 U.S.C. § 3584(b), which are the same sentencing factors the Court looks to post-*Booker* in determining an appropriate sentence.

Nothing in the plea agreement limited that broad discretion. The plea agreement in this case did contain a Rule 11(c)(1)(C) component, but only as to the total drug weight to be considered in calculating the defendant's relevant conduct; there was no requirement that the Court sentence the defendant in accordance with the advisory guideline range, or that the Court impose concurrent, not consecutive sentences.

In this case, the government recommended a sentence of 90-97 months, which was calculated based on a 30-37 month sentence for Counts 3 and 8, to be followed by a mandatory consecutive 60-month sentence on Count 5. However, at sentencing, the Court determined that a higher sentence was appropriate. Because the defendant confirmed at the sentencing hearing that the Court's sentence was not an inadvertent error, Rule 35(a) is not an appropriate vehicle for the defendant to challenge his sentence.

**WHEREFORE**, the government respectfully requests that the defendant's Motion To Correct Sentence be denied.

> Respectfully submitted,
>
> Rodger A. Heaton
> United States Attorney
>
> BY:  __/s/ John K. Mehochko_____
> John K. Mehochko
> Assistant United States Attorney
> 1830 Second Avenue, Suite 320
> Rock Island, Illinois 61201
> Telephone (309) 793-5884

## CERTIFICATION OF SERVICE

**I HEREBY CERTIFY** that on April 20, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant:

Murray Bell
Counsel for Jeremiah Job Machuca

> _/s/ John K. Mehochko_____
> John K. Mehochko
> Assistant U.S. Attorney